**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAZEN G. KHENAISSER, | No.  16-16305 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01205-MCE-CKD |
| v. | |
| RYAN ZINKE[*], | MEMORANDUM[**] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted June 26, 2017[***]

Before:     PAEZ, BEA, and MURGUIA, Circuit Judges.

Mazen Khenaisser appeals pro se from the district court's judgment

dismissing his employment discrimination action.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo a dismissal for lack of jurisdiction under Fed.

---

[*]     Ryan Zinke has been substituted for his predecessor, Sally Jewell, as Secretary of the Interior under Fed. R. App. P. 43(c)(2).

[**]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Serra v. Lappin*, 600 F.3d 1191, 1195 (9th Cir. 2010). We affirm.

The district court properly dismissed Khenaisser's unfair labor practice claims that Khenaisser previously raised before the Federal Labor Relations Authority ("FLRA") because the district court lacked jurisdiction over such claims. *See* 5 U.S.C. § 7123(a) (FLRA final order must be challenged within sixty days "in the United States court of appeals in the circuit in which the person resides or transacts business or in the United States Court of Appeals for the District of Columbia").

The district court properly dismissed Khenaisser's defamation claim for lack of subject matter jurisdiction because the United States has not waived sovereign immunity over defamation claims. *See* 28 U.S.C. § 2680(h) (Federal Tort Claims Act does not waive sovereign immunity for libel, slander, misrepresentation, and deceit claims); *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1117 (9th Cir. 2003) (Federal Tort Claims Act "does not permit suits against the United States for defamation").

The district court properly dismissed Khenaisser's racial discrimination claim because Khenaisser failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."); *Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003) (setting forth the required elements for racial discrimination claim under Title VII).

The district court properly dismissed Khenaisser's disability related discrimination claims because Khenaisser failed to allege he had a disability as defined by the Rehabilitation Act. *See Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007) (a disability discrimination claim requires that a plaintiff demonstrate that he "is a person with a disability"; an individual who has "a physical or mental impairment that substantially limits one or more of the [individual's] major life activities" qualifies as disabled).

The district court properly dismissed Khenaisser's retaliation claim because Khenaisser failed to allege the required elements for such a claim. *See Ray v. Henderson*, 217 F.3d 1234, 1240-45 (9th Cir. 2000) (setting forth the required elements for retaliation, including retaliation based on hostile work environment, under Title VII).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

16-16305

Khenaisser's pending motions (Docket Entry Nos. 22 and 23) are denied as moot.

**AFFIRMED.**