# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MAZEN KHENAISSER,
              Appellant,

                    v.

DEPARTMENT OF THE INTERIOR,
              Agency.

DOCKET NUMBER
SF-0752-16-0665-I-1

DATE: January 23, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Mazen Khenaisser</u>, Elk Grove, California, pro se.

<u>Kevin D. Mack</u>, Esquire, Sacramento, California, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction and as untimely filed. Generally, we grant petitions such as this one only in the following circumstances: the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      During the periods relevant to this appeal, the agency employed the appellant as a GS-11 Civil Engineer.  Initial Appeal File (IAF), Tab 8 at 173.  In early 2014, his supervisor issued him three "Direct Orders" setting forth required tasks and reminding him that he was obligated to comply with the orders.  IAF, Tab 1 at 9-11.  The appellant signed the first two orders but refused to sign the third.  *Id.* at 5, 9-11.  On May 21, 2014, his supervisor proposed to suspend him for 5 days on the basis of disruptive conduct and discourteous behavior and requested medical documentation to assess possible reasonable accommodations.  *Id.* at 12-15, 23-25.  The appellant's supervisor subsequently rescinded the proposed suspension and, on June 19, 2014, proposed the appellant's removal based on charges of "Making Alarming and Disturbing Comments and/or Gestures to Supervisor" and failure to follow instructions.  IAF, Tab 8 at 178-87, 429.  The appellant resigned effective that same day.  *Id.* at 173-76.

¶3     After his resignation, the appellant filed a grievance challenging a number of agency actions leading up to his resignation and alleging discrimination and retaliation. *Id.* at 511-31. On August 8, 2014, the designated agency official issued a response, finding that, because the appellant had resigned by the time he filed the grievance, he was no longer an employee exclusively represented by the local union or covered by the collective bargaining agreement. *Id.* at 635-37. Nonetheless, the agency official considered the appellant's alleged violations of the collective bargaining agreement and alleged reprisal for disclosures, found that the agency had not violated the collective bargaining agreement or retaliated against the appellant, and denied his request to be reinstated with a promotion or reassignment. *Id.* at 637-54. The agency official informed the appellant that, because allegations of discrimination are excluded from the negotiated grievance procedure, he would not consider them in his response to the appellant's grievance. *Id.* at 652.

¶4     The appellant then submitted a step-three grievance to the Office of the Regional Director. *Id.* at 675-707. On October 8, 2014, the Deputy Regional Director issued the region's final decision on the appellant's grievance, concurring with the findings on the step-two grievance, denying the appellant's request for reinstatement, and informing him that, if the grievance was not resolved, the union could submit the issue to arbitration within 30 days. *Id.* at 716-25. The Deputy Regional Director also informed the appellant again that allegations of discrimination are excluded from the negotiated grievance procedure and would not be addressed by his response. *Id.* at 721. The union did not invoke arbitration on the appellant's behalf.[2] *Id.* at 16.

---

[2] After the union declined to invoke arbitration on the appellant's behalf, he filed two unfair labor practice complaints with the Federal Labor Relations Authority (FLRA) regarding the handling of his grievance. IAF, Tab 8 at 784-86. The FLRA dismissed both complaints. *Id*. at 775-77. He then filed an equal employment opportunity complaint alleging that the local union president discriminated and retaliated against him when he refused to assign him union representation. IAF, Tab 1 at 59-68. In a

¶5      On July 31, 2016, the appellant filed an appeal with the Board alleging that the union president illegally denied him arbitration and that the agency had discriminated and retaliated against him by, among other things, subjecting him to a hostile work environment, giving him "Direct Orders," proposing his 5-day suspension, removing him from a specific project, requesting medical documentation, not selecting him for a position, "stripping [him] of union entitlements, such as arbitration," and "commit[ing] the worst violation of 5 U.S.C. § 7121 imaginable when they refused to negotiate on discrimination." IAF, Tab 1 at 4-8. In an order on jurisdiction, the administrative judge explained that the Board lacked jurisdiction over many of the appellant's allegations but that, insofar as he was raising claims of involuntary resignation and whistleblower reprisal, the Board may have jurisdiction over his appeal. IAF, Tab 3 at 2-3. The administrative judge thus notified the appellant of the applicable law and his burden of proving Board jurisdiction over an involuntary resignation appeal and an individual right of action (IRA) appeal based on whistleblower reprisal, and ordered him to file evidence and argument amounting to a nonfrivolous allegation of jurisdiction. *Id.* at 5-12.

¶6      In a separate order on timeliness, the administrative judge explained that, even if the Board had jurisdiction over the appellant's alleged involuntary resignation claim, it appeared to be untimely filed. The administrative judge ordered the appellant to submit evidence and argument establishing that his appeal was timely filed or that good cause existed for the untimely filing. IAF, Tab 4 at 1-4.

---

final agency decision, the agency dismissed the complaint for failure to state a claim. *Id.* at 109-13. The appellant appealed the final agency decision to district court, which adopted the magistrate's findings and recommendation dismissing the appellant's amended complaint, which had raised additional allegations of discrimination and reprisal by agency officials, for lack of jurisdiction and for failure to state a claim. IAF, Tab 8 at 150-55, 164-66. The U.S. Court of Appeals for the Ninth Circuit later affirmed the district court's decision. *Khenaisser v. Zinke*, 693 F. App'x 608 (9th Cir. 2017).

¶7	In response to these orders, the appellant reiterated his allegations regarding discrimination and retaliation, alleged numerous agency violations of the merit systems principles, and argued that his appeal was timely filed under 5 U.S.C. § 7121 because he filed the grievance within 30 days of his resignation on July 18, 2014. IAF, Tab 5 at 4-13.

¶8	Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal. IAF, Tab 10, Initial Decision (ID). She found that the appellant's alleged involuntary resignation was outside the Board's jurisdiction and untimely filed by more than 2 years and that his timely filed grievance did not render the current appeal timely filed. ID at 10-22. She further found that the appellant failed to show that he had exhausted his administrative remedy with the Office of Special Counsel (OSC) and, therefore, did not establish jurisdiction over his IRA appeal. ID at 23. The administrative judge additionally found that the Board lacked jurisdiction over the various other agency actions challenged by the appellant, his discrimination and retaliation claims, and his challenges to the grievance process and decisions. ID at 23-27.

¶9	The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1 at 4-22. The agency has not submitted a response.

## ANALYSIS

The administrative judge correctly determined that the appellant failed to establish Board jurisdiction over any of the alleged agency or union actions.

¶10	As noted above, the appellant alleged that his resignation was involuntary and challenged numerous agency actions, including the direct orders from his supervisor, the proposed 5-day suspension, the agency's request for medical documentation, his removal from a specific project, and his nonselection for a project manager position. IAF, Tab 1 at 4-8. He also argued that the agency and the union violated various merit systems principles and discriminated and retaliated against him. Id.; IAF, Tab 5 at 4-13. In the initial decision, the administrative judge considered each of these allegations and concluded that the

Board lacked jurisdiction to review such claims and that the appellant's involuntary resignation claim was untimely filed. ID at 22-27. The appellant challenges these findings on review. PFR File, Tab 1 at 4-22.

¶11        The Board does not have jurisdiction to address all matters that are alleged to be incorrect or unfair. *Miller v. Department of Homeland Security*, 111 M.S.P.R. 325, ¶ 14 (2009), *aff'd*, 361 F. App'x 134 (Fed. Cir. 2010). Rather, the Board adjudicates only those actions for which a right of appeal has been granted by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).

¶12        Generally, the Board lacks the authority to review an employee's decision to resign, which is presumed to be a voluntary act. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 9, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011). However, an appellant may overcome the presumption of voluntariness by showing that his resignation was the product of misinformation or deception by the agency, or of coercive acts by the agency, such as intolerable working conditions or the unjustified threat of an adverse action. *SanSoucie v. Department of Agriculture*, 116 M.S.P.R. 149, ¶ 14 (2011). The Board addresses allegations of discrimination and reprisal in connection with an alleged involuntary retirement only insofar as those allegations relate to the issue of voluntariness and not whether they would establish discrimination or reprisal as an affirmative defense. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 20 (2007). If the employee makes a nonfrivolous allegation of jurisdiction, i.e., an allegation that, if proven, could establish the Board's jurisdiction, he is entitled to a hearing at which he must prove jurisdiction by a preponderance of the evidence. *Id.*, ¶ 18.

¶13        In cases such as this one, when the employee appears to allege that the agency took actions that made working conditions so intolerable that he was driven to an involuntary resignation, the Board will find an action involuntary only if the employee demonstrates that the agency engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person

in his position would have felt compelled to resign. *Id.*, ¶ 20. The doctrine of coerced involuntariness is "a narrow one" and does not apply if the employee resigns or retires because he "does not want to accept [measures] that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant . . . that he feels that he has no realistic option but to leave." *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (1996). "[T]he fact than an employee is faced with an unpleasant situation or that his choice is limited to two unattractive options does not make [his] decision any less voluntary." *Id.* The touchstone of the "voluntariness" analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived him of freedom of choice. *Vitale*, 107 M.S.P.R. 501, ¶ 19.

¶14      Here, the administrative judge found that the appellant failed to nonfrivolously allege that the direct orders, the agency's decision to remove him from a specific project, the proposed 5-day suspension, the request for medical documentation, and the proposed removal constituted improper agency acts that created intolerable working conditions and forced him to resign. ID at 18-21. She also found that the appellant failed to nonfrivolously allege that the agency knew that it could not substantiate the proposed removal so as to render his resignation involuntary on the basis of the unjustified threat of an adverse action. ID at 21.

¶15      On review, the appellant argues that his resignation was involuntary because the agency was going to remove him and denied his request for a reassignment. PFR File, Tab 1 at 5. He also asserts that the reprisal, direct orders, "bogus suspensions," and request for medical documentation were "enough to make the employee lose the desire to return" and that the reprisal was only going to get worse. *Id.* These vague and conclusory allegations, however, provide no basis to disturb the administrative judge's well-reasoned findings on this issue, and we discern no basis to disturb them. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the

administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶16     The administrative judge also found that the agency provided the appellant notice of his Board appeal rights, including that he must file within 30 days of his alleged involuntary resignation, ID at 11-14, and that his involuntary resignation appeal was nonetheless untimely filed by more than 2 years without good cause shown, ID at 15-17.  On review, the appellant argues that his appeal was timely filed because he filed his grievance within 30 days of the "proposed action" and because there is "no time limitation set forth by 5 U.S.C. § 7121."  PFR File, Tab 1 at 5.  As correctly explained by the administrative judge, however, the appellant's timely filed grievance does not affect the timeliness of the instant appeal, and, as discussed below, there is no "final" arbitration decision deciding a grievance of an otherwise appealable action that may be reviewed by the Board pursuant to 5 U.S.C. § 7121(d) at issue in this appeal.  ID at 15.  Accordingly, the appellant's arguments on review provide no basis to disturb the administrative judge's timeliness determination, and we agree that the appellant's alleged involuntary resignation appeal is untimely filed without good cause shown.

¶17     Additionally, we agree with the administrative judge's determinations that the Board lacks jurisdiction over the various other agency actions alleged by the appellant, such as his 5-day suspension and nonselection and actions taken by the union officials, and that, absent an otherwise appealable action, the Board lacks jurisdiction to review his allegations of merit systems principle violations, discrimination, and equal employment opportunity retaliation.  *See, e.g.*, 5 U.S.C. § 7512 (enumerating the actions that are directly appealable to the Board under chapter 75); *Cruz v. Department of the Navy*, 934 F.2d 1240, 1245-46 (Fed. Cir. 1991) (holding that, absent an otherwise appealable action, the Board lacks jurisdiction to consider allegations of discrimination and retaliation); *Greenspan v. Department of Veterans Affairs*, 94 M.S.P.R. 247, ¶ 21 (2003) (explaining that

the Board lacks the authority to review the workings and alleged unfairness of the negotiated grievance procedure), *reversed on other grounds*, 464 F.3d 1297 (Fed. Cir. 2006); *Neal v. Department of Health & Human Services*, 46 M.S.P.R. 26, 28 (1990) (stating that merit system principles do not provide an independent source of Board jurisdiction); *Berry v. Department of Justice*, 31 M.S.P.R. 676, 678 (1986) (holding that the Board lacks the authority to determine whether an action constitutes an unfair labor practice).  Finally, although the appellant does not appear to challenge this finding on review, we agree with the administrative judge's determination that the appellant failed to establish jurisdiction over his appeal as an IRA appeal because he failed to show exhaustion before OSC.  *See Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶¶ 7-8 (2011).

The administrative judge correctly determined that the Board may not review the grievance decisions under 5 U.S.C. § 7121(d).

¶18      The appellant also argues that the Board should review the grievance decision under 5 U.S.C. § 7121(d).[3]   The Board typically has jurisdiction to review a final grievance or arbitration decision under 5 U.S.C. § 7121(d) when the following conditions are met:  (1) the subject matter of the grievance is one over which the Board has jurisdiction; (2) the appellant either (i) raised a claim of discrimination in connection with the underlying action under 5 U.S.C. § 2302(b)(1) in the negotiated grievance procedure, or (ii) raises a claim of discrimination in connection with the underlying action under 5 U.S.C. § 2302(b)(1) for the first time with the Board if such allegations could not be raised in the negotiated grievance procedure; and (3) a "final decision" has been issued.  *Jones v. Department of Energy*, 120 M.S.P.R. 480, ¶ 8 (2013), *aff'd*, 589 F. App'x 972 (Fed. Cir. 2014); 5 C.F.R. § 1201.155(a)(1), (c).  In the initial decision, the administrative judge found that the Board lacked jurisdiction under

---

[3] Based on our findings, we need not reach the issue of whether the appellant's election to pursue these matters under the negotiated grievance procedure precluded him from also challenging them to the Board.

5 U.S.C. § 7121(d) to review the grievance decision because the appellant was not appealing a final arbitration decision and because he failed to identify any otherwise appealable action challenged in the grievance. ID at 26. The appellant generally challenges this finding on review. PFR File, Tab 1 at 4-6.

¶19 As discussed above, the appellant has not shown that the agency subjected him to an otherwise appealable action. ID at 10-22, 24-26. Thus, we agree with the administrative judge's finding that the first condition for Board review of an arbitration decision under section 7121(d) has not been met. Moreover, the appellant has not shown that the third condition—a "final decision" as contemplated by section 7121(d)—has been met.

¶20 When the negotiated grievance procedure provides for arbitration as the last resort, the "final decision" appealable to the Board under 5 U.S.C. § 7121(d) is the arbitrator's decision. *Parks v. Smithsonian Institution*, 39 M.S.P.R. 346, 349 (1988). Here, Article 10 of the collective bargaining agreement provides that, "[i]f the decision on a grievance processed under the negotiated grievance procedure is not acceptable, the issue may be submitted to arbitration within thirty (30) days following receipt of the decision by the aggrieved Party." IAF, Tab 8 at 40. Thus, the collective bargaining agreement provides for arbitration as the last resort. *Id.* Here, however, the union did not invoke arbitration on the appellant's behalf after the agency issued a decision on his step-three grievance, and, therefore, a final arbitration decision subject to Board review under section 7121(d) was never rendered in this case. *Id.* at 16, 716-25. Although the appellant argues that the union illegally denied him arbitration, the union's decision not to pursue arbitration on his behalf does not render the agency's decision on the step-three grievance "final" as to qualify for Board review under section 7121(d). *See Farmer v. Merit Systems Protection Board*, 17 F.3d 1444 (Fed. Cir. 1994) (Table) (finding that the union's decision to withdraw its request for arbitration did not render the decision at step three "final" such that the

appellant could appeal the decision to the Board under section 7121(d)).[4]  Thus, as the administrative judge correctly determined, the appellant did not receive a final arbitration decision subject to the Board's review under section 7121(d).

¶21    Accordingly, we affirm the initial decision.

<h3 style="text-align:center">NOTICE OF APPEAL RIGHTS[5]</h3>

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[4] The Board may rely on unpublished Federal Circuit decisions when, as here, it finds the court's reasoning persuasive.  *Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011).

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for
_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.